## HELEN WILSON v. BENJAMIN T. GOLDMAN.[1]

June 16, 1916.

Nos. 19,784—(158).

**Hair dye — verdict sustained by evidence.**

> Evidence examined and *held* to sustain a verdict that a preparation manufactured, sold on the market, and advertised as a harmless hair dye by defendant, contained a deleterious ingredient which when applied to plaintiff's scalp caused a painful inflammation and eruption thereon.

Action in the district court for Ramsey county to recover $5,000 from

[1]Reported in 158 N. W. 332.

---

Note.—As to applicability of rule res ipsa loquitur in action for personal injuries from defects in article manufactured or sold by defendant, see note in 28 L.R.A.(N.S.) 949.

defendant, doing business as Mary T. Goldman Company. The substance of the complaint and answer is stated in the opinion. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict for $400. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*James E. Markham* and *Louis B. Schwartz,* for respondent.

HOLT, J.

Plaintiff had a verdict, and defendant moved for a new trial. The court denied the motion, and defendant appeals.

The complaint alleged that defendant was the manufacturer of preparations for the hair and hair dyes, which, in order to sell, he widely advertised as quick and harmless; that induced by these advertisements plaintiff bought a carton containing two bottles of defendant's preparation, upon which carton were printed these words: "A harmless instantaneous color for all shades of hair with one single application"; that relying upon such statements she, in the desire to forestall gray locks, used the preparation; that the same contained highly deleterious substances in dangerous quantities, such as silver nitrate; and that these dangerous substances, the presence of which was unknown to plaintiff, immediately after the application thereof to her head caused a severe itching and inflammation of the scalp and surrounding tissues to her great damage. The answer admitted that defendant manufactured and sold these preparations to the trade, and advertised them as harmless, instantaneous color for all shades of hair with one single application, with the intent and purpose, on his part, to persuade the public of the harmless character and in order to induce the purchase of his preparations.

The main contention upon this appeal is: The verdict is not justified by the evidence and is contrary to law. This contention is based upon the claims, (a) that plaintiff failed to prove by a fair preponderance of the evidence that the hair dye, manufactured and sold by defendant, was capable of producing the injuries complained of; and (b) that she failed to prove that the injuries she may have suffered were produced by defendant's preparation.

It is thus seen that two questions of fact upon which the verdict must

rest are challenged. As to the first, plaintiff relied upon the testimony of two physicians that nitrate of silver, an ingredient in the preparation claimed to have been bought and applied by plaintiff, is a skin irritant capable of producing the result testified to by plaintiff. Defendant's experts also admitted that United States Standard Pharmacopoeia states: "When nitrate of silver is locally applied, either to the skin or the mucous membrane, it produces a burning pain, with partial destruction of the tissues." On the other hand defendant produced a physician of standing and an eminent chemist who agree that the quantity of nitrate of silver—about three per cent—in defendant's preparation could not possibly cause any injury to the scalp or skin. In addition there is the testimony of hair dressers who have used the preparation and of clerks who have sold it that no evil effects from its application ever resulted. This court may be quite as dubious about the harmfulness of the preparation as of its virtue in keeping the appearance of old age at bay, but, under the state of the evidence above outlined, we cannot interfere with the jury's finding that defendant's preparation was capable of producing the injuries here complained of. The testimony shows the scalp of a person to be very sensitive to irritants, and it is well known that some persons are much more susceptible to skin irritation than others, and even as to the same person liability to skin infection may be much greater at one time than at another.

That plaintiff's injuries were produced by defendant's preparation, we think the evidence fairly justified the jury in finding. Plaintiff testified that, just before applying the preparation, her scalp was in a healthy condition, but within fifteen minutes after the same was applied a severe itching and burning sensation was felt, followed by inflammation and eruptions exuding pus. The natural conclusion would be that this sudden change came from no other cause than the preparation she had just applied. That the preparation applied was put upon the market by defendant, the jury could find from the appearance of the bottles and the carton containing them, which plaintiff produced at the trial, together with testimony that those were the ones she procured and used. To be sure, there are features in plaintiff's case to arouse suspicion as to its merits. Although but a tablespoon of the bottle was used by her, it was empty at the

trial, due, as she claims, to evaporation. She had not caused any analysis of the preparation. But these and other like matters were for the jury.

In his argument to the jury plaintiff's counsel appears to have invoked the doctrine of *res ipsa loquitur*. Before the court began the charge defendant's counsel requested the court to instruct the jury that this doctrine was not to be applied. The same request was made after the charge was finished. The court, however, deemed the matter fully covered. Time and again the jury were instructed that plaintiff could not recover unless, by a fair preponderance of the evidence, every essential fact of her case was proven. This included these facts: That defendant put up the liquid she bought and used; that she used it according to the directions given by him on the package; that it contained dangerous chemicals; that he kept the composition of the liquid a secret; that she had no knowledge that it contained deleterious ingredients, and that her use of the liquid was the natural and direct and proximate cause of her injuries. The application of the doctrine of *res ipsa loquitur* was thus, in effect, eliminated. But we are by no means clear that it had no bearing, or that it could not properly be invoked in the argument. If nothing has been applied to the healthy skin of a person, or if a harmless preparation has been applied to it, there is, in ordinary experience, no change in its appearance and no sensation of pain, but if pain and inflammation quickly follow the application of a preparation to the skin, it points, almost unerringly, to some agency in the preparation as the cause.

The appeal involves no questions of law and we are unable to hold that the jury from the evidence could not fairly find the existence of all the facts necessary to sustain a verdict in plaintiff's favor.

Order affirmed.